UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IN RE:  DONNA ANN LEE,

                    Debtor.
_____

BAC HOME LOAN SERVICING L.P. f/k/a
Countrywide Home Loans Servicing LP,

                    Appellant,

vs.                                    Case No.  2:12-cv-10-FtM-29
                                       Bankr. No. 9:10-bk-12852-JPH
                                       Adv. No. 9:11-ap-70-JPH

STATE RESOURCES CORP.,

                    Appellee.
_____

### OPINION AND ORDER

     This matter comes before the District Court on the appeal of
a series of Bankruptcy Court orders.  In the Bankruptcy Court, BAC
Home Loan Servicing L.P. f/k/a Countrywide Home Loans Servicing LP
(BAC or appellant) failed to respond to an adversary proceeding
Complaint For Declaratory Judgment after being served with process,
and a Final Default Declaratory Judgment was entered against it.
The Bankruptcy Court declined to set aside the default declaratory
judgment, and struck two notices of appeal filed by BAC as
untimely.  BAC now asserts that the Bankruptcy Court erred in
striking the notices of appeal, erred for various reasons in
failing to set aside the default judgment, and, in any event,
lacked subject matter jurisdiction to enter the final judgment in
the first place.  The Court has carried several motions with the
appeal.

**I.**

On May 28, 2010, Donna Ann Lee (debtor) filed a Voluntary Petition under Chapter 13 of the Bankruptcy Code.  The proposed Chapter 13 Plan included the surrender of debtor's interest in her homestead at 2141 Canna Way, Naples, Florida (the Naples Property). (Doc. #7-1, p. 3.)  Relief from the automatic bankruptcy stay was obtained to allow two consolidated pending state court foreclosure cases involving the Naples Property to continue.  (Doc. #7-7.)

**A.  Adversary Proceeding**

On January 19, 2011, while the state foreclosure cases were pending, States Resources Corp. (SRC) filed a Complaint for Declaratory Judgment (Adv. Doc. #1) in an adversary proceeding against Donna Ann Lee, Robert E. Lee, Diane Jensen, as Chapter 7 Trustee for the estate of Robert E. Lee, and BAC.  The Complaint alleged that, in 2006, a company owned and controlled by debtor's husband (Robert E. Lee) executed a Promissory Note for just over $2 million.  This Promissory Note was secured by Personal Guaranties and a First Mortgage signed by debtor and her husband.  The Promissory Note and the First Mortgage were ultimately assigned to SRC.  There was a default under the Promissory Note for failure to make payments, SRC accelerated the remaining balance, and demand for payment was refused.  BAC was named as a defendant because BAC claimed an interest in the Naples Property by virtue of a different mortgage, which BAC asserted gave it an equitable subrogation lien and/or a priority mortgage.  The adversary proceeding Complaint sought a declaratory judgment that SRC held a first lien and

security interest in the Naples Property superior to the interest of BAC or any other defendant.

Summonses were issued and, as relevant here, the registered agent for BAC was personally served on January 26, 2011. (Adv. Doc. #12.) BAC failed to answer or otherwise respond to the Complaint, and on March 9, 2011, an Entry of Default (Adv. Doc. #28) was issued against BAC. On March 15, 2011, SRC filed a Motion for Judgment by Default (Adv. Doc. #32), and on March 24, 2011, the Bankruptcy Court entered an Order Granting Motion for Judgment By Default (Adv. Doc. #37) and directed SRC to submit a proposed final judgment.

On April 6, 2011, the Bankruptcy Court entered a Final Declaratory Judgment by Default (Adv. Doc. #43) against Robert E. Lee and BAC. Among other things, the Final Declaratory Judgment declared that the mortgage owned and held by SRC was a first mortgage and perfected security interest in the Naples Property; that SRC held a perfected lien for the amount superior to any claim of BAC or Robert E. Lee; that the mortgage and security interest owned and held by BAC was subordinate to the interest of SRC; and that any claims by BAC were denied.

**B. BAC's Efforts to Vacate Final Declaratory Judgment**

On April 20, 2011, BAC appeared in the Adversary Proceeding for the first time by filing a Motion to Vacate Default Judgment (Adv. Doc. #46) pursuant to Bankruptcy Rule 7055 and Federal Rules of Civil Procedure 55 and 60(b). The motion to vacate alleged that the default judgment should be vacated because (1) SRC knew or

should have known it did not have standing to maintain the adversary action, (2) the final judgment may conflict with orders in state court foreclosure action, (3) SRC did not provide BAC with proper notice of the adversary proceeding, and (4) BAC's failure to appear and defend was due to mistake, inadvertence and excusable neglect.  At a May 25, 2011, hearing, BAC counsel admitted that BAC was served, but that it "fell through the cracks." (Doc. #5-17, p. 4.)  On June 9, 2011, the Bankruptcy Court entered an Order (Adv. Doc. #60) denying BAC's Motion to Vacate Default Judgment because BAC "failed to establish the requisite mistake, inadvertence or excusable neglect required under Bankruptcy Rule 7055 and Federal Rules of Civil Procedure 55 and Rule 60(b) sufficient to justify setting aside this court's April 6, 2011 Final Declaratory Judgment by Default. . . ."  (Adv. Doc. #60, p. 3.)

On June 22, 2011, BAC filed a Motion for Rehearing (Adv. Doc. #62) from the Order declining to vacate the default judgment.  BAC asserted the motion for rehearing was filed pursuant to Fed. R. Civ. P. 59 and Bankruptcy Rules 8015 and 9023, and argued that the matter should be reconsidered because the Bankruptcy Court failed to address any ground raised other than the mistake, inadvertence and excusable neglect ground.  The Bankruptcy Court denied the motion for rehearing on June 28, 2011.  (Adv. Doc. #63.)

## C.  First Notice of Appeal

On July 6, 2011, BAC filed a first Notice of Appeal (Adv. Doc. #65) from (1) the Final Declaratory Judgment, (2) the Order Denying

BAC's Motion to Vacate Default Judgment, and (3) the Order Denying BAC's Motion for Rehearing.

On July 19, 2011, SRC filed a Motion to Strike Defendant BAC's Notice of Appeal as Untimely (Adv. Doc. #73). After hearing oral argument on August 17, 2011 (Adv. Doc. #76), the Bankruptcy Court granted the motion to strike. Before a written order could be entered, BAC filed a Motion for Rehearing (Adv. Doc. #81) and an Amended Motion for Rehearing (Adv. Doc. #83).

On August 29, 2011, the Bankruptcy Court filed an Order Striking Notice of Appeal (Adv. Doc. #84) as untimely under Bankruptcy Rule 8002. The Bankruptcy Court found that BAC's motion for rehearing of the order denying the motion to vacate the default judgment did not toll the time to file a notice of appeal from either the final judgment or the order denying the motion to vacate the default judgment.

**D.  Second Notice of Appeal**

On August 30, 2011, BAC filed a second Notice of Appeal (Adv. Doc. #85) from the (1) Order Striking Notice of Appeal, (2) the Final Declaratory Judgment by Default, (3) the Order Denying Defendant BAC's Motion for Rehearing on State Resources Corp's Motion to Strike Notice of Appeal and Granting Motion to Strike Defendant BAC's Second Notice of Appeal as Untimely, and (4) the Order Denying BAC's Motion for Rehearing on BAC's Motion to Vacate Default Final Judgment.

On September 1, 2011, SRC moved to strike the second Notice of Appeal as untimely. (Adv. Doc. #86.) On September 6, 2011, the

Bankruptcy Court issued its Order Granting Motion to Strike Defendant BAC's Second Notice of Appeal as Untimely.  (Adv. Doc. #88.)  The Bankruptcy Court found that:  (1) a notice of appeal from the final default judgment must be filed within 14 days of the judgment; (2)  BAC's motion to vacate the final judgment was timely filed, and extended the 14 day period; (3) the 14-day period in which to file a notice of appeal commenced on June 9, 2011, the date the Bankruptcy Court denied the motion to vacate the default judgment; (4) the notice of appeal was not filed within the following 14 day period; (5) BAC's motion for rehearing, which was filed within the 14 day period, was not permitted under the Bankruptcy Rules or the Federal Rules of Civil Procedure and did not toll the 14 day period; and (6) the first and second Notices of Appeal were therefore untimely.  SRC's Motion to Strike Defendant BAC's Second Notice of Appeal was granted.

**E.  Third Notice of Appeal**

On September 6, 2011, BAC filed a third Notice of Appeal (Adv. Doc. #89) from (1) the Order Striking Notice of Appeal and (2) the Order Denying Defendant BAC's Motion for Rehearing on State Resources Corp's Motion to Strike Notice of Appeal and Granting Motion to Strike Defendant BAC's Second Notice of Appeal as Untimely.

**II.**

In its first issue in this appeal, BAC asserts that the Bankruptcy Court erred in striking its first two Notices of Appeal as untimely.  The Court agrees that this was error.

-6-

A district court sits in an appellate capacity as to the final judgments and orders of the bankruptcy court.   28 U.S.C. § 158(a)(1); In re Bullock, 670 F.3d 1160, 1163 (11th Cir. 2012).   A "notice of appeal shall be filed with the clerk within 14 days of the date of the entry of the judgment, order, or decree appealed from."   Fed. R. Bankr. P. 8002(a). Certain motions, however, will toll the commencement of the 14-day period if the motion is timely filed.   In re Mike, 796 F.2d 382, 383 (11th Cir. 1986).   Thus, as relevant to this case, if a party files a motion to alter or amend the judgment under Rule 9023[1] or for relief under Rule 9024[2] no later than 14 days after the entry of judgment, the time to file the notice of appeal will not begin until "the entry of the order disposing of the last such motion outstanding."   Fed. R. Bankr. P. 8002(b)(2), (4).   "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement."   Bowles v. Russell, 551 U.S. 205, 214 (2007).   See also Green v. DEA, 606 F.3d 1296, 1300 (11th Cir. 2010).   An appellate court that lacks jurisdiction cannot review the orders of a lower court even if the asserted defect is that the lower court lacked jurisdiction.   Main Drug, Inc. v. Aetna U.S. Healthcare, Inc., 475 F.3d 1228, 1229 (11th Cir. 2007).

---

[1]Fed. R. Bankr. P. 9023 provides that Fed. R. Civ. P. 59 applies to cases under the Bankruptcy Code, and that a motion for a new trial or to alter or amend a judgment must be filed no later than 14 days after the entry of judgment.

[2]Fed. R. Bankr. P. 9024 provides that Fed. R. Civ. P. 60 applies in cases under the Bankruptcy Code if the motion is filed no later than 14 days after the entry of judgment, with a few exceptions not applicable here.

The Bankruptcy Court entered its default Final Declaratory Judgment on April 6, 2011. The exclusive method of attacking a default judgment is a motion to set aside under Fed. R. Civ. P. 55(c). _Gulf Coast Fans, Inc. v. Midwest Electronics Importers, Inc._, 740 F.2d 1499, 1507 (11th Cir. 1984). Because Fed. R. Civ. P. 55 applies in bankruptcy adversary proceedings, _see_ Bankr. Rule 7055, a party in an bankruptcy adversary proceeding may seek to set aside a default judgment pursuant to Rule 55(c), which allows the court to "set aside a default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). Rule 60(b), in turn, provides six grounds which may be asserted to set aside a default judgment. Fed. R. Civ. P. 60(b)[3]. On April 20, 2011, BAC filed a timely motion to vacate the default judgment under Rule 60(b) seeking to vacate the default

---

[3]The court may relieve a party from a final judgment or order for:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

judgment pursuant to Rule 60(b).  Because the motion to vacate was timely, it tolled the time to file a notice of appeal as to the default judgment until the Bankruptcy Court decided the motion to vacate.  Bankr. Rule 8002(b)(4)[4].  On June 9, 2011, the Bankruptcy Court denied BAC's motion to set aside the default judgment.  (Doc. #5-11.)  This started the 14-day time period in which to file a notice of appeal as to both the Default Judgment and the Order Denying Motion to Vacate, unless the time was further extended.

BAC did not file a notice of appeal from either the Final Judgment or the Order Denying the Motion to Vacate Default Judgment.  Rather, 13 days later, BAC filed a motion for rehearing of the denial of the motion to vacate the default judgment.  The Bankruptcy Court held that the motion for rehearing did not further extend the 14-day period to file a notice of appeal, stating:

> There is no provision under the Bankruptcy Rules or the Federal Rules of Civil Procedure to seek a "rehearing on the denial of a motion to vacate a default judgment". Motions for rehearing are permitted under Bankruptcy Rule 9023 and Rule 59 of the Federal Rules of Civil Procedure. Pursuant to Rule 9023, "[a] motion for new trial or to alter or amend a judgment shall be filed, and a court may on its own order a new trial, no later than fourteen days after the entry of the judgment." In the present case, the Final Declaratory Judgment (Doc. No.43) was entered April 6, 2011, thus a motion for a rehearing under Rule 9023 should have been filed on or before April 20, 2011.
>
> Pursuant to Rule 59 of the Federal Rules of Civil Procedure, a motion for a new trial or to alter or amend

---

[4] Gulf Coast Fans also stated that "Rule 60(b) does not extend the time for filing a notice of appeal." Gulf Coast Fans, 740 F.2d at 1507. However, Federal Rule of Appellate Procedure 4, which the case was discussing, was later amended in 1993 to add a Rule 60(b) motion to the list of tolling motions. Fed. R. App. P. 4(a)(4)(A)(vi).

a judgment must be filed "no later than 28 days after the entry of the judgment". In this case, a motion for a new trial or to alter or amend the judgment would have had to have been filed on or before May 4, 2011, 28 days following the entry of the Final Declaratory Judgment (Doc. No. 43).

Based on the foregoing, the Court is satisfied that BAC's Motion for Rehearing (Doc. No. 62) was neither permitted under the Bankruptcy Rules or the Federal Rules of Civil Procedure and was "untimely". Furthermore, BAC's Motion for Rehearing (Doc. No. 62) did not operate to stay the running of the time within which a Notice of Appeal be filed. Under any scenario, BAC's Notice of Appeal (Doc. No. 65) of the Final Declaratory Judgment (Doc. No. 43) was untimely. June 23, 2011, fourteen (14) days immediately following the entry of the Order Denying Motion to Vacate Default Judgment (Doc. No. 60), was the last day on which BAC could have timely filed an appeal.

(Doc. #6-12, pp. 6-7.)

No one in this case disputes that BAC's motion to vacate the default judgment was a tolling motion.  See Bankr. Rule 8004(b); United States v. Dieter, 429 U.S. 6, 8 (1976) (time to file notice of appeal from order of dismissal tolled during pendency of motion to set aside dismissal because "the consistent practice in civil and criminal cases alike has been to treat timely petitions for rehearing as rendering the original judgment nonfinal for purposes of appeal for as long as the petition is pending."); United States v. Ibarra, 502 U.S. 1 (1991)(same).  The issue in this appeal is whether a motion for rehearing of a Rule 60(b) tolling motion further tolls the commencement of the time to file a notice of appeal from the original judgment and the order denying the Rule 60(b) tolling motion.  On at least two occasions, the Eleventh Circuit has answered in the affirmative, distinguishing several of its other cases.

In <u>Williams v. Bolger</u>, 633 F.2d 410 (5th Cir. 1980)[5], the district court entered summary judgment and the losing party filed a timely Rule 60(b) motion to vacate.  The motion to vacate was denied, and the losing party then filed a timely motion for reconsideration under Rule 59(e).  While the motion for reconsideration was pending, the losing party filed a notice of appeal from the denial of the motion to vacate.  The Eleventh Circuit found the notice of appeal to be invalid because of the pending motion for reconsideration.  "It is equally clear that a motion to reconsider under Rule 59(e) will toll the time for appeal, and will require determination before a valid notice may be filed."  <u>Bolger</u>, 633 F.2d at 412-13.

In <u>Cano v. Baker</u>, 435 F.3d 1337 (11th Cir. 2006), Cano's Rule 60(b) motion was denied in the district court.  Cano filed a motion for reconsideration under Rule 59(e) instead of filing a notice of appeal.  The motion for reconsideration was denied, and the subsequent notice of appeal was untimely if the time was not tolled by the motion for reconsideration.  The Eleventh Circuit found the notice of appeal was timely as to the denial of the Rule 60(b) motion, stating:  "We have jurisdiction because Cano's Rule 59(e) motion requesting that the district court reconsider the denial of her Rule 60(b) motion for relief was timely since it was filed within ten days of that denial, thus tolling the time to file the

---

[5]In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

notice of appeal to this Court." <u>Cano</u>, 435 F.3d at 1341. <u>Cano</u> distinguished the cases relied upon by SRC in its appellate brief.

In this case, BAC's Rule 59(e) motion for rehearing was filed 13 days after the denial of the Rule 60(b) motion. The motion for rehearing did not simply raise the same issues as the Rule 60(b) motion, but argued that the Bankruptcy Court had failed to resolve all the issues raised in the Rule 60(b) motion. A motion for reconsideration or rehearing in a bankruptcy court may properly assert manifest errors of law or fact. <u>In re Kellogg</u>, 197 F.3d 1116, 1119 (11th Cir. 1999). Consequently, the motion for rehearing tolled the time to file a notice of appeal from the original judgment as well as the order denying the motion to vacate.[6]

Since the first Notice of Appeal was timely filed, the Court had jurisdiction to entertain the first appeal. The Order Striking Notice of Appeal (Adv. Doc. #84) and Order Denying defendant BAC's Motion for Rehearing on State Resources Corp.'s Motion to Strike Notice of Appeal and Granting Motion to Strike Defendant BAC's Second Notice of Appeal as "Untimely" (Adv. Doc. #88), the subject of the Second and Third Notice of Appeal, are vacated, and SRC and intervening party Border State Bank's Joint Motion to Strike

---

[6]Alternatively, the denial of the motion to set aside the default judgment under Rule 60(b) is itself a final and appealable order. <u>Gulf Coast Fans</u>, 740 F.2d at 1507. The timely motion for rehearing at least tolled the time to file a notice of appeal as to the order denying the motion to set aside the default judgment.

Sections II Through VI of Appellant BAC's Initial Brief (Doc. #16) will be denied.

**III.**

The Court now turns to the SRC and intervenor Border State Bank's Joint Motion to Strike Appellant BAC's Statement of Issues on Appeal (Doc. #13)[7].  The third Notice of Appeal was filed on September 6, 2011, and BAC filed its designation of record on September 20, 2011, and its Statement of Issues on Appeal (Adv. Doc. #97) on November 10, 2011.  BAC filed a Memorandum Opposing (Doc. #17) the motion, but conceded that the statement of issues was untimely filed.

The filing of the statement of issues was indeed untimely. "Within 14 days after filing the notice of appeal as provided by Rule 8001(a). . . or entry of an order disposing of the last timely motion outstanding of a type specified in Rule 8002(b), whichever is later, the appellant shall file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented."  Fed. R. Bankr. P. 8006.  "An issue that is not listed pursuant to this rule and is not inferable from the issues that are listed is deemed waived and will not be considered on appeal."  In re Freeman, 956 F.2d 252, 255 (11th Cir. 1992).  Here, the issues were listed, but the listing itself was untimely.  The "failure to take any step

---

[7]The motion was initially raised in the Bankruptcy Court and denied in deference to seeking relief before the District Court. (Adv. Doc. #106.)

other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal."  Fed. R. Bankr. P. 8001.  After considering that BAC has not consistently demonstrated dilatory conduct in perfecting the appeal, and considering the arguments relating to bad faith, negligence, or indifference, the Court finds that striking the issues is too strong a remedy.  E.g., In re Beverly Mfg. Corp., 778 F.2d 666, 667 (11th Cir. 1985). Instead, the Court will admonish counsel that the untimely filing of the issues on appeal--in an appeal relating to the untimely response to a complaint which was admittedly properly served--does a disservice to the court and the legal profession and potentially jeopardizes the rights of clients.  The motion to strike is denied.

**IV.**

**A.  Subject-Matter Jurisdiction**

Appellant argues for the first time on appeal that the Bankruptcy Court lacked subject-matter jurisdiction to enter the Final Declaratory Judgment because the Naples Property was no longer property of the bankruptcy estate at the time judgment was entered.  "Subject-matter jurisdiction can never be waived or forfeited", Gonzalez v. Thaler, 132 S. Ct. 641, 648 (2012), and therefore can be raised at any time, including on appeal, Scarfo v. Ginsberg, 175 F.3d 957, 960 (11th Cir. 1999).  For the reasons set forth below, the Court finds that the Bankruptcy Court had subject

matter jurisdiction to enter the final judgment in the adversary proceeding.

The commencement of a bankruptcy case creates an estate which is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). In a Chapter 13 proceeding, the debtor typically remains in possession of her property. 11 U.S.C. § 1306(b) ("Except as provided in a confirmed plan or order confirming a plan, the debtor shall remain in possession of all property of the estate."). The property of the bankruptcy estate may eventually re-vest in the debtor, but not until and to the extent set forth in the confirmed plan. 11 U.S.C. § 1327(b) ("confirmation of a plan vests all of the property of the estate in the debtor."). Thus, while the "filing of the petition for bankruptcy places all the property of the debtor in the control of the bankruptcy court, the plan upon confirmation returns so much of that property to the debtor's control as is not necessary to the fulfillment of the plan." Telfair v. First Union Mortg. Corp., 216 F.3d 1333, 1340 (11th Cir. 2000).

On May 28, 2010, debtor filed the Voluntary Petition under Chapter 13 of the Bankruptcy Code, which included a stated intention of surrendering the Naples Property. (Bankr. Doc. #1.) On June 23, 2010, the Bankruptcy Court issued an Order Granting Stay Relief to States Resources Corp. (Doc. #7-7), which granted relief from the automatic stay for the sole purpose of allowing SRC to seek state court *in rem* remedies as to the Naples Property. On

October 7, 2010, debtor filed a Third Amended Chapter 13 Plan, which continued to list the Naples Property as intended for surrender and specifically provided that "[p]roperty of the estate shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise." (Doc. #7-11, p. 3.)  On April 6, 2011, the Bankruptcy Court issued its Final Declaratory Judgment by Default (Doc. #4-17) in the adversary proceeding filed by SRC.  On July 14, 2011, the Bankruptcy Court confirmed the Chapter 13 Plan, doc. #7-26, and on August 18, 2011, the Bankruptcy Court issued an Order Allowing and Disallowing Claims and Ordering Disbursements (Doc. #7-27).

The Court finds that the debtor's interest in the Naples Property was property of the bankruptcy estate at all relevant times until confirmation of the plan.  The debtor's interest in the Naples Property was the property of the bankruptcy estate at the time the final default judgment was issued.  Therefore, the Bankruptcy Court had subject-matter jurisdiction to enter the Final Declaratory Judgment.

**B.   Judgment Exceeds Requested Relief**

Appellant further argues that the default final judgment is void because it exceeded the prayer for relief in the Complaint and lacked a factual predicate for its terms.  Because parts of the judgment are void, it will be vacated and the matter remanded to the Bankruptcy Court with instructions.

"A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by

the judgment, and is barred from contesting on appeal the facts thus established. [ ]  A default judgment is unassailable on the merits, but only so far as it is supported by well-pleaded allegations. [ ] A default defendant may, on appeal, challenge the sufficiency of the complaint, even if he may not challenge the sufficiency of the proof."  Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc., 561 F.3d 1298, 1307 (11th Cir. 2009)(internal quotation marks and citations omitted).  A party's default does not by itself warrant the entry of a default judgment unless there is "a sufficient basis in the pleadings for the judgment entered." Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).  A defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law." Id.

> Thus, before entering a default judgment for damages, the district court must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought. At that point, the defendant, even though in default, is still entitled to contest the sufficiency of the complaint and its allegations to support the judgment being sought.

Tyco Fire & Sec., LLC v. Alcocer, 218 F. App'x 860, 863 (11th Cir. 2007)(citing Cotton v. Mass. Mut. Life Ins. Co., 402 F.3d 1267, 1278 (11th Cir. 2005)).

In the Complaint for Declaratory Judgment (Doc. #2-1), SRC sought a declaratory judgment "determining that SRC holds a first lien and security interest in the debtor's real property located at 2141 Canna Way, Naples, FL 34105" (Doc. #2-1, Introduction, ¶4).

The Complaint sets forth the basis for SRC's claim based upon a Promissory Note, Personal Guaranties, and Mortgage executed on March 3, 2006, and that "[a]s of May 29, 2009, SRC is owed the principal sum of $896,342.83 together with accrued interest as of that date in the amount of $35,787.71 with interest accruing thereafter at the rate of $214.74880 per day (8.625% simple interest per annum)." (Id. at ¶¶ 6, 12.)   The Complaint then summarizes the dispute with BAC as follows:

> 14. BAC Home Loans Servicing, LP f/k/a Countrywide Home Loan Servicing LP (hereinafter "BAC") claims to have an interest in the subject property by virtue of a certain mortgage recorded on October 30, 2006 in the Official Records of Collier County, Florida in O.R. Book 4129, Page 1925. A copy of the mortgage is attached as Exhibit "E". The interest of BAC is subject to and inferior to that of the Plaintiff.

> 15. The interest of BAC is subject to and inferior to that of the Plaintiff. The mortgage held by BAC was acquired and recorded subsequent to the mortgage of the Plaintiff.

> . . . .

> 17. BAC is asserting that it should be entitled to an equitable subrogation lien and/or priority mortgage by virtue of a partial payment made to SRC at the time BAC acquired its mortgage against the property. As a result, there is a genuine dispute as to the priority of mortgages on the property as between SRC and BAC.

(Doc. #2-1, ¶¶ 14, 15, 17.)   The Complaint then alleges that, because of the dispute, SRC "seeks a declaratory judgment determining that in fact, it holds a first lien and security interest in the above-referenced real property superior in interest and dignity to BAC and all other parties." (Id. at ¶18.)   In the "Wherefore" clause, the Complaint states that "States Resources

Corp. seeks the entry of a declaratory judgment determining that its mortgage and security interest in the real property located at 2141 Canna Way, Naples, FL 34105 is a first lien and security interest on the property superior in priority to the interest of BAC Home Loans Servicing, LP and the Defendants together with the award of reasonable attorney's fees and such further relief as this court deems proper." (Id., p. 3.)

The Final Declaratory Judgment By Default (Doc. #4-17) ordered and adjudged at least three things:  The priority requested, the amount of damages, and the equitable subrogation defense.  The default judgment provided:

> 1. SRC is owed the principal sum of $896,342.83 together with interest in the amount of $35,787.71 as of May 29, 2009 with interest accruing thereafter at the rate of 8.625% simple interest per annum.
>
> 2. It is hereby Declared that the mortgage owned and held by SRC and recorded at O.R. Book 3993 beginning at Page 522 of the Official Records of Collier County, Florida secures payment of the above sum and is a first mortgage and perfected security interest in the debtor's real property located at 2141 Canna Way, Naples, FL 34105 and legally described as:
>
>> Lot 10, Grey Oaks, Unit 19, According to the Plat thereof, recorded in Plat Book 35, Page 47 of the Public Records of Collier County, Florida.
>
> 3. It is further Declared that SRC holds a perfected lien for the total sum above superior to any claim or estate of the Defendants, BAC and LEE in said property. That the mortgage and security interest now owned and held by BAC and recorded at OR Book 4129 beginning at Page 1925 of the Official Records of Collier County, Florida is subject to and subordinate to the mortgage and security interest of SRC. Further, any claims by BAC to the effect that it is entitled to an equitable subrogation lien and/or priority mortgage superior in dignity to the

mortgage and security interest held by SRC are hereby denied.

4. The court retains jurisdiction to enter such further orders that are proper including claims asserted against the remaining Defendants.

(Doc. #4-17.)

BAC argues that the Complaint did not ask for an adjudication of the amount of debt owed to SRC, and therefore BAC should retain the right to assert in subsequent proceedings that the debt to SRC was satisfied. BAC further argues that the prayer for relief did not ask the Bankruptcy Court to dispose its claim for equitable subrogation or for an adjudication of the claim for equitable subrogation. Both arguments are correct.

In its demand or prayer for relief, SRC requested: (1) a declaration that its mortgage and security interest was a first lien; (2) a declaration that the first lien was superior in priority to the interest of BAC Home Loans Servicing, LP; (3) an award of reasonable attorney's fees; and (4) such further relief as deemed proper. The prayer for relief did not include a demand for money damages or for the calculation of the amount of the lien, and therefore the relief granted by the Bankruptcy Court exceeded the demand for relief. "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54; Fed. R. Bankr. P. 7054. "Rule 54(c) of the Federal Rules of Civil Procedure has been construed liberally and under it the demand for relief in the pleadings does not limit, *except in cases of default*, the relief a court may grant when

entering judgment." <u>Sapp v. Renfroe</u>, 511 F.2d 172, 176 n.3 (5th Cir. 1975)(emphasis added).  The Bankruptcy Court exceeded the prayer for relief by specifically finding the amount of principal and interest owed to SRC as damages and in deciding the equitable subrogation defense in an action that only sought a declaration of lien priorities.  In so doing, the Bankruptcy Court committed a violation of due process because judgment was entered on matters without notice and an opportunity to be heard as to those matters. <u>Burke v. Smith</u>, 252 F.3d 1260, 1263 (11th Cir. 2001)(judgment is void if court acted in a manner inconsistent with due process of law).  Those portions of the Final Declaratory Judgment which are not supported by the sufficient allegations in the Complaint are void, and the Final Declaratory Judgment will be vacated and the proceeding remanded.

## C.  Merits of Motion to Set Aside Final Judgment

A denial of a motion to set aside a default judgment is reviewed for abuse of discretion, and appellant must "demonstrate a justification so compelling that the lower court was required to vacate its order." <u>In re Worldwide Web Sys., Inc.</u>, 328 F.3d 1291, 1295 (11th Cir. 2003)(citation omitted).  The Bankruptcy  Court abused its discretion in failing to set aside the default judgment to the extent that the relief it ordered exceeded the scope of the relief requested and the factual allegations in the Complaint.  As to the other portions of the default judgment, the Court finds that the Bankruptcy Court did not abuse its discretion in failing to set aside the default judgment.  It is clear that the Bankruptcy Court

considered all the issues raised by BAC and that there was no legal merit to the various justifications asserted by BAC.   As the Eleventh Circuit has stated, "[a] bedrock principle upon which our appellate review has relied is that the 'appeal is not from the opinion of the district court but from its judgment.' [ ]  We have seen it as 'our duty. . .to view the testimony and inferences therefrom in the light most favorable to the prevailing party below.'"  United States v. $242,484.00, 389 F.3d 1149, 1153 (11th Cir. 2004)(citations omitted).  An appellate court does "not insist that trial courts make factual findings directly addressing each issue that a litigant raises, [ ] but instead adhere to the proposition that findings should be construed liberally and found to be in consonance with the judgment, so long as that judgment is supported by evidence in the record." United States v. Acosta, 363 F.3d 1141, 1151 (11th Cir. 2004) (internal citation and quotation marks omitted).  Accordingly, the Court otherwise affirms the order denying the motion to set aside the final judgment.

## D.   Stern v. Marshall, 131 S. Ct. 2594 (2011)

Appellant argues that the Bankruptcy Court lacked jurisdiction under Stern v. Marshall, 131 S. Ct. 2594 (2011) to issue a final judgment in the adversary proceeding, and should have issued findings of fact and conclusions of law to the district court. This issue also impacts what the Bankruptcy Court should do on remand.

In Stern, the U.S. Supreme Court held that a bankruptcy court, as a non-Article III court, lacked constitutional authority to

enter final judgment on a counterclaim by the debtor against a creditor, even though the creditor had filed a common law claim for defamation against the bankruptcy estate.  This was because "there was never any reason to believe that the process of adjudicating [the creditor's] proof of claim would necessarily resolve [the debtor's] counterclaim." Stern, 131 S. Ct. at 2617.  The Supreme Court found that the Bankruptcy Court adjudicated a counterclaim that was "in no way derived from or dependent upon bankruptcy law; it is a state tort action that exists without regard to any bankruptcy proceeding." Id. at 2618.  "[T]he question is whether the action at issue stems from the bankruptcy itself or would necessarily be resolved in the claims allowance process." Id. at 2618.  The Court expressly distinguished Katchen[8] and Langenkamp[9] as cases in which resolution of the ensuing action was "part of the process of allowing or disallowing claims." Id. at 2616.  Stern held, as a matter of constitutional law, that a Bankruptcy Court could not enter a final judgment on a claim which was "a state law action independent of the federal bankruptcy law and not necessarily resolvable by a ruling on the creditor's proof of claim in bankruptcy." Id. at 2611.  In such cases, the Supreme Court found that the bankruptcy court may only enter proposed findings of fact and conclusions of law. Id. The Supreme Court indicated that its holding was a narrow one. See id. at 2620 ("We conclude today

---

[8]Katchen v. Landy, 382 U.S. 323 (1966).

[9]Langenkamp v. Culp, 498 U.S. 42 (1990).

that Congress, in one isolated respect, exceeded [Article III's] limitation in the Bankruptcy Act of 1984.").

BAC argues that <u>Stern</u> applies to this case, and the Bankruptcy Court at most could have only issued a Report and Recommendation in response to the motion for a default judgment.   The Court disagrees.

"Congress enacted chapter 13 to provide[ ] a highly desirable method for dealing with the financial difficulties of individuals. It creates an equitable and feasible way for the honest and conscientious debtor to pay off his debts rather than having them discharged in bankruptcy."   <u>In re Saylors</u>, 869 F.2d 1434, 1436 (11th Cir. 1989)(internal quotation marks and citations omitted). An "adversary proceeding" is a "stand-alone lawsuit[]" in bankruptcy. <u>In re Boca Arena, Inc.</u>, 184 F.3d 1285, 1286 (11th Cir. 1999)(citation omitted).   Under the Federal Rules of Bankruptcy Procedure, the following are adversary proceedings:

> (1) a proceeding to recover money or property, other than a proceeding to compel the debtor to deliver property to the trustee,
>
> . . .
>
> (2) a proceeding to determine the validity, priority, or extent of a lien or other interest in property, other than a proceeding under Rule 4003(d);
>
> (3) a proceeding to obtain approval under § 363(h) for the sale of both the interest of the estate and of a co-owner in property;
>
> . . .
>
> (9) a proceeding to obtain a declaratory judgment relating to any of the foregoing;

. . . .

Fed. R. Bankr. P. 7001.  Under Chapter 13, priority claims are due to be paid in full.  11 U.S.C. § 1322(a).  The issues of a debtor's interest in property, lien priorities, and state foreclosure proceedings are often integral parts of the Chapter 13 proceeding. E.g., In re Thomas, 883 F.2d 991 (11th Cir. 1989); In re Johnston, 331 F. App'x 459 (9th Cir. 2009).  The Court finds, pursuant to Stern, that the Bankruptcy Court did have the constitutional authority to issue a *final* judgment in this adversary proceeding.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.  States Resources Corp. and Border State Bank's Joint Motion to Strike Appellant BAC's Statement of Issues on Appeal (Doc. #13) is **DENIED.**

2.  States Resources Corp.'s and Border State Bank's Joint Motion to Strike Sections II Through VI of Appellant BAC's Initial Brief (Doc. #16) is **DENIED.**

3.  The matter is **REVERSED IN PART, AFFIRMED IN PART, AND REMANDED WITH INSTRUCTIONS** as follows:

(a)  The Order Striking Notice of Appeal (Adv. Doc. #84) is **VACATED AND SET ASIDE.**

(b)  The Order Denying defendant BAC's Motion for Rehearing on State Resources Corp.'s Motion to Strike Notice of Appeal and Granting Motion to Strike Defendant BAC's Second Notice of Appeal as "Untimely" (Adv. Doc. #88) is **VACATED AND SET ASIDE.**

(c)    The Final Declaratory Judgment by Default Against Defendants Robert E. Lee and BAC Home Loans Servicing, LP F/K/A Countrywide Home Loan Servicing, LP (Adv. Doc. #43) is **VACATED AND SET ASIDE**.

(d)   The Order Granting Motion for Judgment on the Pleadings as to Defendant, Donna Ann Lee and Diane Jensen as Chapter 7 Trustee for the Bankruptcy Estate of Robert E. Lee (Adv. Doc. #49) is **VACATED AND SET ASIDE.**

(e)   On remand the Bankruptcy Court shall enter a new final declaratory judgment consistent with this Opinion and Order and the facts sufficiently pled in the Complaint and it's request for relief.

4.   The Clerk shall enter judgment accordingly, terminate all pending deadlines, transmit a copy of this Opinion and Order to the Clerk of the Bankruptcy Court, and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this ___30th___ day of September, 2012.

JOHN E. STEELE
United States District Judge

Copies:
U.S. Bankr. Ct.
Counsel of record